**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **AURA VALDEZ-PAYAN,** **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL NO. A-25-CV-1285-ADA-ML** |
| **PNC BANK, NATIONAL** | § | |
| **ASSOCIATION,** | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

Before the court are Defendant PNC Bank, National Association's Motion to Dismiss (Dkt. 7), Plaintiff's Motion to Remand (Dkt. 11), and all related briefing.[1] After reviewing the pleadings, the relevant case law, as well as the entire case file, and finding that a hearing is unnecessary, the undersigned submits the following Report and Recommendation to the District Court.

## I. BACKGROUND

On, April 28, 2025, pro se Plaintiff Aura Valdez-Payan filed this suit in state court to stop the foreclosure of her home. Dkt. 1 at 4-75 (Compl.). Plaintiff concedes she fell behind on her payments in 2024, but she contends her account was never credited with a $16,782.09 payment and a $6,940.00 payment was returned to her. Compl. ¶¶ 8, 15, 17. She asserts claims for breach of contract; violations of the Texas Deceptive Trade Practices Act ("DTPA"); violations of the

[1] The motion was referred by United States District Judge Alan D Albright to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. 5.

Real Estate Settlement Procedures Act ("RESPA"); negligence, misrepresentation, and unfair lending practices; and bad faith, intentional delays, and hindering cure.

At Plaintiff's request, the state court issued a temporary restraining order stopping the sale. Dkt. 1-1 at 80-81. Formal summons was never issued, Dkt. 1-1 at 2 (Docket Sheet), and there is no indication Defendant was ever formally served, *id*. However, Defendant did have some notice of the state suit. On May 2, 2025, Plaintiff emailed Defendant's current counsel a copy of the TRO, and he acknowledged receipt. Dkt. 15 at 56, 60. On May 14, 2025, Defendant's counsel emailed Plaintiff about the possibility of conducting the next day's preliminary injunction hearing by video. Dkt. 15 at 65. It does not appear that hearing was ever conducted.

Defendant removed the case on August 12, 2025, asserting both federal question jurisdiction and diversity jurisdiction. Dkt. 1. Defendant then filed a Motion to Dismiss. Dkt. 7. Plaintiff was granted an extension to respond to Defendant's Motion to Dismiss, *see* text order dated Sept. 5, 2025, but instead of filing a response she filed a Motion to Remand, Dkt. 11.

The court will address the Motion to Remand first.

## II. Motion to Remand

A civil action brought in state court may be removed to the district court where such action is pending if the district court has original jurisdiction. 28 U.S.C. § 1441(a). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332. Title 28 U.S.C. § 1446 governs the procedural aspects of removal, including timeliness. 28 U.S.C. § 1446.

Plaintiff moves to remand, arguing Defendant's removal was untimely and the court lacks federal question and diversity jurisdiction. The court will address Plaintiff's jurisdictional arguments before reaching her procedural arguments.

**A. Federal Question Jurisdiction**

Plaintiff asserts she intends to amend her complaint to remove her federal claims, thus depriving the court of federal question jurisdiction. However, that assertion was made over one month ago, and she still has not done so. More importantly, even if she did so amend her complaint, Defendant also removed the case under diversity jurisdiction.

**B. Diversity Jurisdiction**

Plaintiff argues the court lacks diversity jurisdiction because the amount in controversy does not exceed $75,000. She argues that "Defendant wrongly claims the amount in controversy is the value of Plaintiff's property ($331,089.00). However, the 'object of the litigation' is not the property itself, but Plaintiff's right to cure the default. The value of that right is the amount Plaintiff tendered to cure—$16,782.09 and $6,940.00—which is well below the jurisdictional minimum." Dkt. 11 at 5.

Plaintiff is legally wrong on this point. Federal courts have original jurisdiction over civil actions where the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013). "In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id*. In this case, Plaintiff seeks to prevent Defendant from foreclosing on Plaintiff's real property, valued at over $75,000. The amount in controversy is satisfied.[2]

---

[2] The court is also satisfied the parties are completely diverse. *See* Dkt. 1 ¶¶ 5-7 (describing the parties' citizenship).

The court is satisfied it has diversity jurisdiction over this matter.

**C. Timeliness**

Title 28 U.S.C. § 1446 governs the timeliness of removal.

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Despite what appears to be the plain language of the statute, the Supreme Court examined the legislative history of this provision and determined that a defendant's right to removal runs from the date on which it is formally served with process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (rejecting the 11th Cir.'s plain language reading). In *Murphy Brothers*, the defendant became aware of the pending litigation when it received a courtesy copy of the complaint from the plaintiff, but the defendant was not required to remove the action until it was formally served. *Murphy Bros.*, 526 U.S. at 347-48.

Courts have explained that a defendant has no obligation to appear in court or defend an action before it is formally served with process directing it to appear before that forum. *Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014). Only after a party is subject to the powers of a court, must it seek to effect removal. *Id.*

Plaintiff argues Defendant's removal was untimely because Defendant removed the case more than 30-days after Defendant had notice of the state-court litigation. As described above, the court agrees that Defendant had knowledge of the suit more than 30 days before it removed the suit. However, there is no indication in either the state-court docket sheet or any of the exhibits filed with Plaintiff's reply brief that Defendant was ever served with formal process in the state-court proceeding.

Plaintiff argues Defendant's removal, just before the preliminary injunction hearing, is evidence of Defendant's gamesmanship. That may be true, but by failing to formally serve Defendant with summons, Plaintiff enabled Defendant to use removal procedures to its advantage.

The undersigned will recommend Plaintiff's Motion to Remand be denied.

## III. Motion to Dismiss

Plaintiff did not respond to Defendant's Motion to Dismiss. Rather than recommend the motion be granted as unopposed or undertake review of the motion without the benefit of Plaintiff's response, the court will order Plaintiff to file a response.

## IV. Order and Recommendation

The court **ORDERS** Plaintiff to file a response to Defendant's Motion to Dismiss **no later than November 17, 2025**. Defendant may file a reply brief no later than November 24, 2025.

The undersigned **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Remand to State Court (Dkt. 11).

## V. Objections

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED October 28, 2025.

MARK LANE
UNITED STATES MAGISTRATE JUDGE